UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THE ESTATE OF STEVE A. KONELL,

        Plaintiff,

        v.

ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY, a member of
NATIONWIDE INSURANCE,

        Defendant.

No. 3:10-cv-955-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

        In its Reply in support of its Motion for Summary Judgment, defendant objected to some of plaintiff's evidence offered in opposition to summary judgment. Those objections are overruled for the following reasons:

        Defendant first objects to three paragraphs in the Affidavit of Andrew Webber (docket # 61). Based on lack of authentication, defendant objects to paragraphs 2 and 3 which attest to attached Exhibits 2 and 3. Exhibit 2 consists of meteorological records from the Oregon Guns weather monitoring station located less than three miles from Steve Konell's residence. Although not authenticated, that evidence is admissible under FRE 803(17) because it is what it

1 – OPINION AND ORDER

purports to be, namely a commercial compilation "generally relied on by the public or by persons in particular occupation." Therefore, defendant's objection to paragraph 2 and Exhibit 2 is overruled.

Exhibit 3 is a weather report presented by KPTV Chief Meteorologist describing the "Columbia River Gorge East Wind Storm" on January 17-19, 2009, which was posted on the internet. Plaintiff has clarified that it does not offer this report for the truth of its content, but only to show that the meterological community referred to that weather event as a windstorm. Given the limited purpose of this evidence, defendant's objection is overruled as to paragraph 3 and Exhibit 3.

Defendant also objects based on hearsay to paragraph 7 of Webber's Affidavit which attests to the attached Exhibit 7.[1] Exhibit 7 is an undated handwritten letter by Steve Konell directed to Mr. Bolender, defendant's agent, which was part of a collection of documents found in Mr. Konell's briefcase after his death and passed into Mr. Webber's possession. Plaintiff contends that this letter is admissible under FRE 803(5) as Mr. Konell's recorded recollection. FRE 803(5) provides as follows:

> (5) Recorded recollection. A record that:
> (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately;
> (B) was made or adopted by the witness when the matter was fresh in the witness' memory; and
> (C) accurately reflects the witness's knowledge.
> If admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party.

There is no dispute that Mr. Konell wrote and signed the letter. And given its content, Mr. Konell clearly wrote this letter in response to defendant's initial denial of his claim. Therefore, it concerns "a matter the witness once knew about" and presumably "when the matter

---

[1] Defendant denies receiving this letter, making it inadmissible for the non-hearsay purpose of notice.

2 – OPINION AND ORDER

was fresh in the witness's memory." However, it is unknown whether this letter "accurately reflects the witness's knowledge." Generally, a declarant's testimony at trial assuages any potential concerns about the reliability of the recorded recollection. For example, in *United States v. Porter*, 986 F2d 1014, 1017 (6th Cir1993), the court admitted a statement under FRE 803(5) which was made soon after the incident by a declarant who was "screwed up on drugs" when making the statement and was not sure she had told the truth. The court explained:

> While Rule 803(5) treats recorded recollection as an exception to the hearsay rule, the hearsay is not of a particularly unreliable genre. This is because the out-of-court declarant is actually on the witness stand and subject to evaluation by the finder of fact . . . . If the jury chose to believe what [the declarant] said in the recorded statement rather than what she said while testifying, that decision was at least made based upon what it observed and heard from her in court.

*Id* (citations omitted); *see also Parker v. Reda*, 327 F3d 211, 215 (2nd Cir 2003) ("Evidence of recorded recollection . . . is inadmissible unless a witness, who once had knowledge of what the record contains, testifies.")

This letter does not present a situation where Mr. Konell is unable to "recall well enough to testify" as to the circumstances in which he wrote the letter and knows it to be accurate. Instead, Mr. Konell is not available for cross-examination to test his letter's reliability. His unavailability is of particular concern when the letter contains some information which is inconsistent with other evidence submitted in this case.

However, the letter is sufficiently trustworthy to merit admission under FRE 807, the residual exception to the hearsay rule. Given that the letter was written not long before Mr. Konell's death and was found in his briefcase, the circumstances suggest a lack of opportunity for fabrication or coaching from others. Much of the letter is consistent with the deposition testimony of the person who assisted Mr. Konell with the furnace repair and who

3 – OPINION AND ORDER

observed the situation before and during the windstorm that allegedly caused the oil leak. On the other hand, the letter contains an inaccurate date which may evidence either a faulty memory or confusion. Those inconsistencies may be taken into account by the fact-finder when deciding how much weight to give it. Accordingly, defendant's objection to paragraph 7 and Exhibit 7 of the Webber Affidavit is overruled.

Finally, defendant objects to paragraph 7 of the Declaration of Thomas Benke (docket # 62) based on hearsay and lack of foundation. This paragraph attests to the attached Exhibit 7 which is an excerpt from Chapter 13 of the Oregon Mechanical Specialty Code relating to fuel oil piping and storage. This code is published by the Building Codes Division of the Oregon Department of Consumer and Business Services and is available to the general public.[2]  Exhibit 7 is no different than an exhibit containing an excerpt from the Oregon Revised Statutes. Therefore, the objection to paragraph 7 and Exhibit 7 to the Benke Declaration is overruled.

DATED  June 11, 2013.

s/ Janice M. Stewart<br>Janice M. Stewart<br>United States Magistrate Judge

---

[2] http://www.cbs.state.or.us/ bcd/programs/mechanical.html

4 – OPINION AND ORDER