UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THE ESTATE OF STEVE A. KONELL,

        Plaintiff,

       v.

ALLIED PROPERTY & CASUALTY
INSURANCE COMPANY, a member of
NATIONWIDE INSURANCE,

        Defendant.

No. 3:10-cv-955-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

As one of its trial exhibits, plaintiffs has offered Exhibit 44 which is an 11-page Power Point presentation. The first page is titled "Columbia River Gorge, East Wind Storm, January 17th-19th 2009," presented by "Mark Nelsen, KPTV Ch. 12 Chief Meteorologist " to "Executive Councilor – Oregon AMS."[1] The remaining pages list maximum wind gusts reported at various locations and contain a photograph and various weather charts. According to plaintiff's attorney, this document is a printout of a posting on the internet. Defendant objects to this document as inadmissible hearsay under FRE 802 and lack of authentication under FRE 901.

Plaintiff submitted this same document as Exhibit 3 in opposition to defendant's motion for summary judgment. In response to defendant's objection to its admissibility, plaintiff "clarified that it does not offer this report for the truth of its content, but only to show that the

---

[1] The Oregon AMS is the Oregon Chapter of the American Meteorological Society. See http://www.ametsoc.org/chapters/oregon/index.html (accessed January 28, 2014)

1 – OPINION AND ORDER

meteorological community referred to that weather event as a windstorm" (docket # 74).  Given that limited purpose, this court overruled defendant's objection.

If evidence is offered for the truth of what it asserts, it is necessary to lay a foundation to admit it under an exception to the hearsay rule.  Plaintiff does not rely on any hearsay exception, but, as before, argues that the website printout is not hearsay because it is offered not for the truth of the matter asserted, but is offered only to show that a meteorologist viewed the weather event as a windstorm.  Since the term "windstorm" is not defined by the policy at issue, plaintiff seeks to introduce evidence as to the common meaning of that term.  Adhering to its prior ruling, the exhibit is not hearsay when offered for this limited purpose.

However, just as for any other evidence, printouts from third-party websites are subject to the authentication requirement of FRE 901, and authenticating such material can be a matter of some difficulty.  To authenticate a printout of a web page, the proponent must offer evidence that:  (1) the printout accurately reflects the computer image of the web page as of a specified date;  (2) the website where the posting appears is owned or controlled by a particular person or entity; and (3) the authorship of the web posting is reasonably attributable to that person or entity.  Evidence that may corroborate these points could include testimony of others who saw the posting on the website, continuation of the posting on the website so that it is available to be seen by the court, or evidence that the party to whom the posting is attributed made similar postings or published the same information elsewhere.  *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F Supp2d 1146, 1154 (CD Cal 2002) (declarations that printouts were "true and correct" copies of internet pages, "in combination with circumstantial indicia of authenticity (such as the dates and web addresses)" would support reasonable juror belief that documents are what proponent claims); *also see Johnson-Wooldridge v. Wooldridge,* No. 00AP-1073, 2001 WL

2 – OPINION AND ORDER

838986, at *4 (Ohio App July 26, 2001) (party who printed documents from a website "could have authenticated the documents himself via an affidavit or through his own testimony").

Plaintiff has submitted no evidence to authenticate this exhibit other than that the title page showing that it was authored by Mark Nelsen at some point after January 19, 2009. The exhibit has no other circumstantial indicia of authenticity, such as the date of the printout and the web address. Plaintiff notes that the website is no longer available for the court to verify, and it is unknown how long the data was posted on the site, whether others report having seen it, or the source of the underlying data.

Therefore, defendant's objection to Exhibit 44 based on lack of authentication under FRE 901 is sustained.

DATED  January 28, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge